JUDGE CROTTY

06 CV 3186

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH TOLEDO,

      Plaintiff,

- against -

VERIZON COMMUNICATIONS, INC.,

      Defendant.

---

CV:

ECF CASE

Trial by Jury

COMPLAINT

[RECEIVED APR 25 2006 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff, JOSEPH TOLEDO, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for his Complaint against Defendant VERIZON COMMUNICATIONS, INC. ("Verizon"), hereby sets forth the following:

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff JOSEPH TOLEDO, was and still is a resident of the State of Hawaii.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Verizon is a foreign corporation licensed to do business in the State of New York, with a principal office located at 1095 Avenue of the Americas, New York, New York.

## JURISDICTION AND VENUE

3. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Southern District of New York is appropriate because Defendant Verizon resides in this judicial district, is subject to personal jurisdiction in this judicial district and

with its principal place of business in this district, maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

6. At all times relevant hereinafter mentioned, Plaintiff was an employee of Verizon.

7. At all times relevant hereinafter mentioned, Defendant Verizon was an employer within the meaning of ERISA.

8. As a result of Plaintiff's employment, he was a beneficiary of certain employee benefit plans established and/or maintained by Defendant Verizon.

9. During Mr. Toledo's employment with Verizon, Defendant Verizon maintained employee benefit plans for the benefit of employees.

10. One such employee benefit plan was a disability insurance plan that Defendant Verizon was the party financially responsible for the payment of claims.

11. Another such employee benefit plan was a Pension Plan, which provided, inter alia, for the payment of certain money to eligible employees.

12. Defendant Verizon was the Plan Administrator and/or the Sponsor of the disability plan within the meaning of ERISA.

13. Defendant Verizon was the Plan Administrator and/or the Sponsor of the pension plan within the meaning of ERISA.

14. Defendant Verizon was a fiduciary to beneficiaries as the term fiduciary is defined under ERISA, in that Defendant Verizon exercised discretionary authority and/or control respecting the management or administration of these plans.

15. Defendant Verizon's employee benefit plans had a direct financial impact upon its operations, and thus, it was potentially conflicted in its treatment of its beneficiaries.

16. During the course of his employment, and while an eligible employee, Plaintiff became disabled within the meaning of the disability plan.

17. Plaintiff's disability claim was approved and benefits were paid to Plaintiff pursuant to the plan.

18. Thereafter, Defendant Verizon offered Plaintiff a Voluntary Separation Package ("VSP") for management employees.

19. In the course of considering the VSP, Plaintiff sought additional information from Defendant Verizon. Specifically, in a letter dated November 5, 2003, Plaintiff inquired to the Verizon Benefits Administration as to concerns about the potential effect of the disability plan and the VSP.

20. Plaintiff indicated in that letter that a response was time sensitive, in that Defendant Verizon was requiring Plaintiff to make a decision on accepting the VSP by a deadline of November 15, 2003.

21. In that letter, Plaintiff indicated that he had not had the opportunity to thoroughly review his options with a financial consultant and was unclear on the impact of the VSP on other benefits.

Case 1:06-cv-03186-DAB   Document 1   Filed 04/25/06   Page 4 of 7

22. Plaintiff also forwarded an email to Verizon Benefits Center regarding this issue at or about the same date.

23. Plaintiff received a response from Verizon Benefits Center on November 6, 2003 indicating that the VSP had a deadline that would terminate on November 15, 2003. Verizon Benefits Center also indicated that they were trying to locate the documents requested.

24. Despite several requests indicating the importance of the issues, Plaintiff never received any response from Defendant Verizon to his inquiry as to whether his disability benefits would be affected by the VSP.

25. Defendant Verizon and/or its agents failed to provide Plaintiff with information that was material to his decision as to whether to accept the VSP.

26. Defendant Verizon used Plaintiff's acceptance of the VSP to offset his disability benefits and reduce the amount that Defendant Verizon paid to Plaintiff for disability benefits.

27. Plaintiff did not receive any true benefit from his acceptance of the VSP, since the amounts of the VSP were used by Defendant Verizon to reduce the amount of disability benefits paid to Plaintiff.

28. Defendant Verizon knew that Plaintiff's benefits under the disability plan would be reduced by the amounts received by Plaintiff under the VSP but did not advise Plaintiff of this material information.

29. Under ERISA, Defendant Verizon had an obligation to disclose the information that was requested by Plaintiff relating to the integration of the VSP and the disability plan.

30. Under ERISA, Defendant Verizon had an obligation to provide complete and accurate information to Plaintiff relating to the integration of the VSP and the disability plan.

31. Under ERISA, Defendant Verizon had an obligation to promptly and adequately respond to the request by Plaintiff relating to the integration of the VSP and the disability plan.

32. The requested information was material to Plaintiff's decision as to whether to accept the VSP.

33. As a result of not receiving the information, Plaintiff was unable to make an informed decision as to the VSP.

34. Had Plaintiff been advised of the impact of the VSP on his continued receipt of the same amount of benefits under the disability plan, he would not have accepted the VSP.

35. Defendant Verizon's actions were guided by its conflict of interest due its financial interest of being the party responsible for the payment of both the disability insurance benefits and the VSP benefits.

36. As a result, Defendant Verizon breached its fiduciary obligations to Plaintiff as a beneficiary under ERISA.

37. Defendant Verizon violated ERISA § 404, 29 USC § 1104.

38. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plans or such actions would be futile.

39. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month.

40. Plaintiff has been damaged by the amount of disability benefits that have been reduced to date by his acceptance of the VSP.

41. Plaintiff will continue to be damaged in the future by the continued reduction of his disability benefits due to his acceptance of the VSP.

## AS AND FOR A FIRST CAUSE OF ACTION

42. Plaintiff repeats and reiterates each and every allegation contained within paragraphs 1 through 41 with the same force and effect as if more fully stated herein.

43. Plaintiff is entitled to equitable relief pursuant to 502(a)(3), 29 USC § 1132(a)(3), including but not limited to the rescission of the VSP, and the reinstatement of Plaintiff's status with Defendant Verizon just prior to the execution of the VSP.

## AS AND FOR A SECOND CAUSE OF ACTION

44. Plaintiff repeats and reiterates each and every allegation contained within paragraphs 1 through 43 with the same force and effect as if more fully stated herein.

45. Plaintiff is entitled to relief pursuant to 502(a)(1), 29 USC § 1132(a)(1), including but not limited to disability benefits which have been reduced to date by the amounts received by Plaintiff under the VSP.

46. Plaintiff is also entitled to a declaration that future disability benefits will not be reduced by the amounts received by Plaintiff under the VSP.

## AS AND FOR A THIRD CAUSE OF ACTION

47. Plaintiff repeats and reiterates each and every allegation contained within paragraphs 1 through 46 with the same force and effect as if more fully stated herein.

48. Defendant Verizon was obligated to provide Plaintiff with the documentation requested by him in his November 5, 2003 letter.

49. Defendant Verizon failed to provide the appropriate documentation that was requested and which it was obligated to provide.

50. Defendant Verizon violated ERISA § 502(c)(1)(B), 29 USC § 1132(c)(1)(B).

**WHEREFORE**, Plaintiff JOSEPH TOLEDO prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

1. On the first cause of action, such equitable and other appropriate relief as will permit Plaintiff to make an informed election of whether to accept the VSP, including but not limited to the rescission of the VSP.

2. On the second cause of action, damages related to the amounts which Defendant Verizon have reduced as a result of Plaintiff's acceptance of the VSP.

3. On the third cause of action, statutory penalties of $ 100 per day for the failure to provide the requested documents.

4) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

5) Plaintiff demands a trial by jury; and

6) Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
March 31, 2006

By: _____
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff